Filed 7/19/24  P. v. Broadway CA3

<u>NOT</u> <u>TO</u> <u>BE</u> <u>PUBLISHED</u>

**California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.**

IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

THIRD APPELLATE DISTRICT

(Butte)

----

| | |
|---|---|
| THE PEOPLE,<br><br>      Plaintiff and Respondent,<br><br>v.<br><br>DONNIE RAY BROADWAY,<br><br>      Defendant and Appellant. | C098290<br><br>(Super. Ct. Nos. 22CF05054,<br>22CF04132) |

In a global plea agreement resolving two criminal cases, defendant Donnie Ray Broadway pleaded no contest to three drug offenses in exchange for dismissal of all other charges.  On appeal, he argues that he was denied the benefit of his plea bargain after the trial court failed to dismiss allegations of a prior strike.  We conclude that the trial court's judgment failed to reflect the parties' bargain.  We therefore modify the judgment to conform to the parties' agreement.

**BACKGROUND**

In June 2022, law enforcement officers executed a search warrant at Broadway's home.  The search of his bedroom uncovered various amounts of methamphetamine,

1

heroin, cocaine, cocaine and fentanyl mixed, and hydrocodone-acetaminophen pills as well as drug paraphernalia, packaging, scales, and pay-owe sheets. Officers also found methamphetamine and a scale under the couch cushions in the living room.

In August 2022, the People charged Broadway in Butte County case No. 22CF04132 with four drug-related charges: count 1 for maintaining a place for selling or using a controlled substance (Health & Saf. Code, § 11366); count 2 for possession of methamphetamine for sale (§ 11378); count 3 for possession and purchase of cocaine and fentanyl for sale (§ 11351); and count 4 for possession and purchase of heroin for sale (§ 11351).[1] For each count, the complaint alleged that he had suffered a prior strike for a 1994 first degree burglary conviction and was therefore subject to sentencing under California's Three Strikes law. (Pen. Code, §§ 667, subds. (b)-(i), 1170.12.) Broadway was released on bail.

In October 2022, law enforcement officers searched a hotel room that Broadway had rented. They discovered methamphetamine, "fake" heroin, acetaminophen and hydrocodone bitartrate pills, oxycodone hydrochloride pills, Xanax bars of suspected fentanyl/mannitol, and a used glass smoking device.

Later that month, the People filed a second criminal action against Broadway, docketed as Butte County case No. 22CF05054. The complaint alleged two new drug-related charges: count 1 for possession of methamphetamine for sale (§ 11378) and count 2 for possession and purchase of oxycodone for sale (§ 11351). For each count, the People alleged that, at the time of the offenses, Broadway was on bail in case No. 22CF04132 (Pen. Code, § 12022.1) and that he had suffered a prior strike for a 1994 first degree burglary conviction (Pen. Code, §§ 667, subds. (b)-(i), 1170.12).

---

[1] Further undesignated statutory references are to the Health and Safety Code.

The parties resolved both cases by plea. Under the terms of the global plea agreement, Broadway pleaded no contest to counts 1 and 2 in case No. 22CF04132. In case No. 22CF05054, he pleaded no contest to count 2 and admitted the on-bail enhancement. In exchange, the agreement provided that "[a]ll other charges are dismissed."

The plea arrangement left sentencing to the trial court's discretion. Broadway agreed that the court could sentence him to the lower, middle, or upper term and that the court could find aggravating factors based on the probable cause declaration, police reports, and the probation report. He also agreed to a waiver under *People v. Harvey* (1979) 25 Cal.3d 754, which allowed the sentencing judge to consider his prior criminal history, including "any unfiled, dismissed or stricken charges or allegations or cases[,] when granting probation, ordering restitution or imposing sentence."

At a December 2022 hearing, the trial court accepted Broadway's plea. It also found Broadway in violation of probation in a misdemeanor matter (case No. 20CM04390) and revoked probation in that case.

At sentencing in March 2023, the trial court designated count 2 in case No. 22CF05054 as the principal term and sentenced Broadway to the upper term of four years in state prison. The court imposed consecutive terms of eight months (one-third the midterm) for each of counts 1 and 2 in case No. 22CF04132. It declined to strike the on-bail enhancement in case No. 22CF05054 and added two years to Broadway's sentence for that enhancement. The court also imposed a concurrent six-month term for the misdemeanor in case No. 20CM04390. Broadway's aggregate sentence totaled seven years four months in prison.

## DISCUSSION

On appeal, Broadway asks this court to modify the judgment to dismiss the strike allegations in both cases brought against him. In his view, the trial court failed to comply with the plea agreement's provision to dismiss "[a]ll other charges" when the court

3

dismissed counts 3 and 4 in case No. 22CF04132 and count 1 in case No. 22CF05054 but not the strike allegations. The People argue that modification is not required under the terms of the plea agreement and, in any event, is unnecessary because the strike allegations were dismissed by operation of law after the prosecution did not attempt to prove, and Broadway did not admit, the allegations.

Having reviewed the record, we conclude that modification of the judgment is warranted. It is well established that "when a plea rests in any significant degree on a promise or agreement of the prosecutor, so that it can be said to be part of the inducement or consideration, such promise must be fulfilled." (*Santobello v. New York* (1971) 404 U.S. 257, 262.) In this case, there is no dispute between the parties that the plea agreement required dismissal of the substantive counts to which Broadway did not plead—namely, counts 3 and 4 in case No. 22CF04132 and count 1 in case No. 22CF05054. Indeed, both parties' briefs before this court assume that the trial court has already dismissed those counts.

While it is true that the court minutes reflect the dismissal of those counts, the court's oral judgment does not. But " '[r]endition of judgment is an oral pronouncement.' " (*People v. Mesa* (1975) 14 Cal.3d 466, 471.) And "[w]here there is a discrepancy between the oral pronouncement of judgment and the minute order or the abstract of judgment, the oral pronouncement controls." (*People v. Zackery* (2007) 147 Cal.App.4th 380, 385.) Here, the trial court orally sentenced Broadway on the counts and allegation to which he expressly pleaded, but it did not address the remaining charges at either the change-of-plea or sentencing hearings. Accordingly, to conform to the plea agreement and the parties' understandings, the judgment must be modified to dismiss the substantive counts to which Broadway did not plead. (*People v. Macheno* (1982) 32 Cal.3d 855, 861 ["Specific enforcement [of a plea bargain] is appropriate when it will implement the reasonable expectations of the parties without binding the trial judge to a disposition that he or she considers unsuitable under all the circumstances"].)

4

That leaves the question of whether the plea agreement also entitles Broadway to dismissal of the strike allegations. Our state high court has explained that a negotiated plea agreement is a form of contract that is interpreted according to general contract principles. (*People v. Shelton* (2006) 37 Cal.4th 759, 767.) When interpreting a plea agreement on appeal, we must give effect to the mutual intention of the parties. (*Ibid*.) Where the contract language is clear and explicit, it governs. (*Ibid.*) But where contractual terms are ambiguous or uncertain, we must interpret the language " ' "in the sense in which the promisor believed, at the time of making it, that the promisee understood it." ' " (*Ibid.*) " 'The mutual intention to which the courts give effect is determined by objective manifestations of the parties' intent, including the words used in the agreement, as well as extrinsic evidence of such objective matters as the surrounding circumstances under which the parties negotiated or entered into the contract; the object, nature and subject matter of the contract; and the subsequent conduct of the parties.' " (*Ibid.*)

While we agree with the People that a strike allegation is not a "charge" of a crime, the parties' conduct in this case establishes that the parties intended for the People to seek dismissal of both the substantive counts and the strike allegations when they agreed that "[a]ll other charges" would be dismissed. As the People acknowledge, the prosecution never attempted to prove, and Broadway never admitted, the strike allegations. In addition—and without objection from either party—the trial court did not sentence Broadway under the Three Strikes law. These facts demonstrate that the parties intended for all counts and allegations other than those to which Broadway expressly pleaded to be dismissed.

The People argue that the terms of the plea agreement did not call for dismissal of the strike allegations, but they represent on appeal that the allegations were dismissed by operation of law when they were neither proven nor admitted; that the allegations cannot be used against Broadway in the future; and indeed, that they "no longer exist." The

5

modification we order is thus consistent with both parties' expectations regarding the status of the strike allegations in question.

## DISPOSITION

The judgment is modified to dismiss counts 3 and 4 and the prior strike conviction allegations in Butte County case No. 22CF04132 and count 1 and the prior strike conviction allegations in Butte County case No. 22CF05054.  The clerk of the superior court is directed to correct the respective sentencing minute orders accordingly.  As so modified, the judgment is affirmed.


    /s/
Feinberg, J.



We concur:



/s/
Mauro, Acting P. J.



/s/
Mesiwala, J.

6